STATE OF MAINE
*vs.*
RAYMOND C. HUME

Kennebec.   Opinion, October 15, 1952.

*Alexander LaFleur, Atty. General,*
*James G. Frost, Asst. Atty. General,*
*Ralph W. Farris, Jr., County Attorney,* for plaintiff.

*Christopher S. Roberts,* for defendant.

SITTING: THAXTER, FELLOWS, MERRILL, NULTY, WILLIAM-
SON, JJ. MURCHIE, C. J., did not sit.

NULTY, J. This case, which purports to be a petition for a new trial, was filed with the Kennebec County Superior Court at the June Term, 1952, and reported, the parties agreeing thereto, to this court for determination on the motion, the indictment, and record in the original case, but the only record furnished was a copy of the docket entries certified by the Clerk of the Superior Court for the County of Kennebec, and certain stipulated facts which facts relate to the composition and method of selecting and returning the jury at the time of the trial of the petitioner in said Superior Court which took place at the 1950 February Term of said Superior Court.

Briefly, the petitioner alleges that he was indicted for the crime of breaking, entering and larceny and that at his trial he was illegally convicted and sentenced to State Prison and that at said 1950 February Term there were duly summoned by legal venires to serve as petit jurymen some twenty-seven persons and that by reason of challenges, excuses and other causes all of said veniremen were rejected or excused from service except six and that the presiding justice at said Term caused the sheriff to return sufficient jurors from the bystanders or from the county at large to complete the panel. Petitioner further alleges that by reason of there not

being at least seven regular veniremen on said panel, according to the statutes of our state (see Chap. 100, Sec. 100, R. S., 1944), the presiding justice had no authority to so fill said panel and that the jury finally selected was entirely unlawful and constituted no jury as defined or authorized under the laws of our state. Petitioner also alleges that the duly elected sheriff of said county, who was also the chief investigator of and the principal witness in said case, was permitted by the presiding justice to select and choose said additional alleged jurors contrary to the law. Petitioner prays that the verdict which the jury found be declared unlawful and unauthorized and moves that it be set aside and a new trial granted. The docket entries accompanying the report show that after the verdict of guilty the petitioner filed a motion to set aside the verdict and for a new trial which was denied. He thereupon filed an appeal together with a bill of exceptions. Thereafter he was sentenced and the execution of the sentence stayed pending decision by the court on the exceptions and appeal. Subsequently the exceptions were overruled and the appeal dismissed (see 146 Me. 129, 78 A. (2nd) 496), and petitioner was committed to State Prison January 27, 1951, in execution of his sentence.

From the record it appears that the petition or motion cannot be considered a motion for a new trial on the ground of newly discovered evidence certified to this court under and by virtue of Chap. 94, Sec. 15, R. S., 1944, because the motion fails to allege or disclose any newly discovered evidence and, therefore, cannot be considered. If the motion be treated as a motion for a new trial on any other ground, it is in direct conflict with Rule 17 of the Rules of Court in force at the time of the filing of the petition or motion. From the docket entries it is very apparent that the motion was not filed until after the mandate of the appellate court had finally ended the original case. It consequently was too

late. See *In re Hume,* 132 Me. 102, 103, 167 A. 79, and cases cited. There is no authority, either under the Rules of Court or the Statutes of the State for a motion for a new trial after final judgment on a mandate from the Law Court in a criminal case save that afforded by Chap. 94, Sec. 15, R. S., 1944, which in this case, as we have said herein, is not applicable. The mandate will be

*Motion dismissed.*